# Cooley
## GODWARD KRONISH LLP

Jonathan Bach
T: (212) 479-6470
F: (212) 479-6275
jbach@cooley.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-10
```

BY FACSIMILE & HAND DELIVERY

April 26, 2010

**MEMO ENDORSED** *I will take up the premotion request at the May 3 initial conference. Time to answer or move extended to a date to be set at conference.*

*SO ORDERED*
*[signature]*
*USDJ*
*4-28-10*

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

RE: Wireless Ink. Corporation v. Facebook, Inc. and Google, Inc.
    10 CV. 1841 (PKC)

Dear Judge Castel:

Defendants Facebook, Inc. ("Facebook") and Google, Inc. ("Google") seek leave to file a motion to dismiss the Complaint in the above-referenced matter, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, and thus request a pre-motion conference in accordance with the rules of this Court.

The parties are set to appear before the Court on May 3, 2010, for their initial conference in this matter. Defendants respectfully request that discussion of the anticipated motion take place at that conference, in lieu of scheduling a separate pre-motion conference. Defendants also respectfully request that the Court adjourn the date by which they have to respond to the Complaint, currently April 29, 2010, to a date to be set by the Court after hearing from the parties on May 3. If granted leave to file their motion, Defendants could promptly file at any time after the initial conference.

The Complaint in this case undertakes to state a claim for patent infringement under 35 U.S.C. § 271. Its brief and limited allegations are insufficient to state a claim under the pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In short, the Complaint nowhere sets forth, in any concrete or meaningful way, how defendants have infringed the patent-in-suit, nor does it identify the underlying technology at issue or what particular products, applications or services offered by defendants allegedly cause the infringement. Instead, it merely asserts in broad and conclusory terms that huge facets of Facebook's and Google's businesses – their entire websites – are responsible for the alleged infringement. Because websites are not single items or products, but rather are an ensemble of multiple products, services, applications and technologies – particularly the large websites operated by Facebook and Google – the Complaint fails to provide adequate notice of any infringement that Defendants can readily identify, much less begin to prepare a defense against. Furthermore, the Complaint undertakes to state a number of scienter-based claims – such as inducement and willful infringement – without reciting any factual allegations to suggest that Defendants had or acted with the requisite scienter.